**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

REBECA A.,

Plaintiff,

v. 5:25-cv-00506 (AMN/PJE)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**THE LAW OFFICES OF STEVEN R. DOLSON, PLLC**
6320 Fly Road – Suite 201
East Syracuse, New York 13057
*Attorneys for Plaintiff*

**STEVEN R. DOLSON, ESQ.**

**SOCIAL SECURITY ADMINISTRATION**
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**GEOFFREY M. PETERS, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 24, 2025, Plaintiff Rebeca A.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

("Commissioner") denying her application for supplemental security income ("SSI"). Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who, on August 26, 2026, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, and affirm the Commissioner's decision. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 19.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

*Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista concluded that the Administrative Law Judge's ("ALJ") decision complied with the relevant legal standards and was supported by substantial evidence. Dkt. No. 17 at 7-18. To determine whether an individual is entitled to disability benefits, under step five of the five-step analysis, "it is the Commissioner's burden to establish that 'there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.'" *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 73 (2d Cir. 2025) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014)); *see also* 20 C.F.R. § 416.920(a)(4)(v). Magistrate Judge Evangelista noted that the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to

> perform light work, as defined in 20 CFR [§] 416.967(b), except she should not work at unprotected heights or climb ladders, ropes or scaffolds. She also should not work in close proximity to dangerous machinery or moving mechanical parts of equipment. [Plaintiff] can occasionally balance as defined in the [Selected Characteristics of Occupations ("SCO")], kneel, crouch, crawl, stoop, and climb ramps and stairs. She can frequently handle, finger and feel. [Plaintiff] should have no concentrated exposure to respiratory irritants, such as dust, odors, fumes and gases, wetness, humidity, and extreme hot and cold temperatures. She can tolerate no more than moderate levels of noise as defined Appendix D of the [SCO], 1993 Edition. She should also avoid working outdoors in bright sunshine and with bright or flickering lights, such as one would experience welding or cutting metals. Mentally, [Plaintiff] can understand, remember, and carry out simple instructions. She can use judgment to make simple work-related decisions. [Plaintiff] should work in a job with occasional changes in the routine work setting. She cannot perform work requiring a specific production rate, such as an assembly line, or that

> requires hourly quotas. [Plaintiff] can have occasional contact with coworkers and supervisors, but no public contact.

Dkt. No. 17 at 6-7 (alteration in original) (quoting Dkt. No. 10-17 at 868). Magistrate Judge Evangelista further noted that, while the ALJ found that Plaintiff cannot "'perform any past relevant work,'" *id.* at 7 (quoting Dkt. No. 10-17 at 877), the ALJ also found that the "'[t]ransferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled," *id.* (alteration in original) (quoting Dkt. No. 10-17 at 877). Magistrate Judge Evangelista further noted that the ALJ determined that, at step five, "'there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform,'" in light of her age, education, work experience, and RFC. *Id*. (quoting Dkt. No. 10-17 at 877).

Here, Plaintiff challenged the ALJ's analysis of the available medical evidence in determining her RFC. *See* Dkt. No. 11 at 6-11. Magistrate Judge Evangelista noted that Dr. Elke Lorensen examined Plaintiff on April 6, 2021 for migraines, asthma, arthritis, ulnar neuropathy, and pain in her lower back and posterior neck, as well as weakness in her arms, decreased grasp in her right hand, and shooting pain from her right hand up to her right shoulder. Dkt. No. 17 at 13 (citing Dkt. No. 10-7 at 706-709). Magistrate Judge Evangelista found that Dr. Lorensen "noted '[n]o sensory deficit' and '[s]trength 5/5 in the upper . . . extremities,' . . . '[h]and and finger dexterity intact[, and] 5/5 bilatera[l]'" grip strength. *Id.* (quoting Dkt. No. 10-7 at 709). Magistrate Judge Evangelista further noted that Dr. Lorensen "diagnosed [P]laintiff with neck pain, back pain, right hand problems, and asthma," but found that Plaintiff had "'[n]o gross limitations for sitting, standing, walking, and using the hands,'" and recommended that she "'avoid known respiratory irritants.'" *Id.* (quoting Dkt. No. 10-7 at 709). Magistrate Judge Evangelista further noted that the ALJ found Dr. Lorensen's opinion only partially persuasive and concluded that she merely "should have no concentrated exposure to respiratory irritants," Dkt. No. 10-17 at 868, but found that the

ALJ's partial adoption was "not inherently improper" in light of the ALJ's consideration of Plaintiff's medical records and Dr. Lorensen's examination, Dkt. No. 17 at 14-15 (citing, *inter alia*, *Walker v. Colvin*, No. 3:15-CV-465 (CFH), 2016 WL 4768806, at *10 (N.D.N.Y. Sept. 13, 2016) (additional citations omitted) ("[A]n ALJ may properly 'credit those portions of a consultative examiner's opinion which the ALJ finds supported by substantial evidence of record and reject portions which are not so supported.' This is true even where the ALJ relies on a consultative examiner's examination findings but rejects the consultative examiner's medical source statement[.]")).

Magistrate Judge Evangelista found that the ALJ's analysis adequately addressed the supportability of Dr. Lorensen's medical opinion because the ALJ relied upon the same medical records and examination upon which Dr. Lorensen relied. *Id.* at 15. Magistrate Judge Evangelista concluded that the ALJ adequately considered the consistency of Dr. Lorensen's medical opinion because the ALJ analyzed Dr. Lorensen's opinion in the context of Plaintiff's treatment records and subjective allegations, and because the ALJ properly considered "other evidence of record," including opinions rendered by state review physicians S. Sontheneni, M.D. and S. Putcha, M.D. that concluded that Plaintiff "only need[s] to avoid concentrated exposure" to irritants. *Id*. at 16.

Magistrate Judge Evangelista further noted that the ALJ's analysis of Dr. Lorensen's opinion referred only generally to evidence of Plaintiff's reaching limitation. *Id.* at 18. Magistrate Judge Evangelista nevertheless found that that the ALJ properly addressed Plaintiff's reaching limitation because the ALJ considered medical records relevant to Plaintiff's reach, including records stating that Plaintiff's "cervical spine was unremarkable," that her "bilateral upper extremities were normal," and that "the range of motion for [P]laintiff's shoulder and neck improved with treatment." *Id.* (citing Dkt. No. 15 at 12; Dkt. No. 10-17 at 870-72).

Magistrate Judge Evangelista concluded that substantial evidence supports the ALJ's determination that Plaintiff was not under a disability within the meaning of the Social Security Act in light of her age, education, work experience, and RFC, and the existence of significant numbers of jobs in the national economy that Plaintiff can perform. *Id.* at 7, 18; *see also Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (alterations in original) (citations and internal quotations omitted), *report and recommendation adopted,* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 17, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge